# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| COREY M. BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV413-235 |
| | ) |
| THE GOODYEAR TIRE & | ) |
| RUBBER COMPANY, | ) |
| COOPER TIRE & RUBBER | ) |
| COMPANY; GE CAPITAL FLEET | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Corey M. Butler moves the Court to add as defendants GE Capital Fleet Services, Inc., The Estate Of William Orcutt,[1] and Cooper Tire & Rubber Company. Doc. 25 (motion). Defendant Goodyear opposes only the addition of Orcutt's estate.[2] Doc. 26.

---

[1] This name was initially misspelled "Orthcutt" but is now used correctly here. Doc. 26 at 1 n 1; doc. 31 at 2 n. 1. Many of the quoted passages below use the "Orthcutt" form but have been corrected without further acknowledgement.

[2] Both Butler and Goodyear believe William Orcutt died on December 30 or 31, 2013. Doc. 25 at 2 n. 1; doc. 26 at 2. So even though Butler nominally moves to add Orcutt individually as a defendant, the Court hereafter will disregard that request.

Goodyear also moves to change venue,[3] and both parties move to stay this litigation. Docs. 16 & 32.

In June of 2013, Butler was driving a Ford van for his employer, DS Waters of America, when the van's rear right tire failed. Doc. 31 at 1-2.[4] Consequently, Butler crashed and was severely injured. He sued Goodyear because one of its tire stores serviced the van -- with Cooper tires. *Id.* From one of Butler's briefs:

> The van in question, a 2007 Ford E350 one ton van, was being maintained by GE Capital Fleet Services at the time of the wreck pursuant to a maintenance program contract with the van's owner, DS Waters of America. William Orcutt is believed to have been an employee of Defendant Goodyear who recommended to GE Capital Fleet Services that the right rear tire be replaced prior to the wreck. Upon information and belief, Goodyear and/or Mr. Orcutt will claim that a recommendation was made to GE Capital Fleet Services to replace the tire which ultimately failed but such a recommendation was not approved. Conversely, it is anticipated that GE Capital will argue that its potential liability is mitigated because it will posit that no such recommendation was made by Goodyear and/or Mr. Orcutt. Lastly, the right rear tire which failed and caused the wreck was designed and manufactured by Cooper Tire & Rubber Company and was installed and maintained by Defendant Goodyear. Upon information and belief, design and manufacturing defects of the subject tire may have

---

[3] That motion is before the district judge.

[4] For the purpose of this Order, the Court is accepting the facts stated in plaintiff's briefs.

2

contributed to its failure and thus, the injuries suffered by Mr. Butler.

Doc. 25 at 2.

Butler wants to "add not only Mr. Orcutt for his apparent responsibility of making this communication but also G. E. Fleet and Cooper Tire." Doc. 31 at 3. As noted, he thinks G. E. Fleet will blame Orcutt for not communicating the need for the tire to be replaced. *Id.* To that end, plaintiff cites Georgia's damages apportionment statute, O.C.G.A. § 51-12-33(c) (factfinder "shall consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit.").[5] And since Orcutt could be found "negligent if in fact he did not communicate with G. E. Fleet of the necessity to replace the tire," doc. 31 at 4, Butler wants to add his estate as a defendant. *Id.* He filed his motion within the Scheduling Order's deadline. Doc. 17.

The Court **GRANTS** in part and **DENIES** in part Butler's motion to amend. Doc. 25. Since Orcutt is dead, no discoverable information

---

[5] "The purpose of the apportionment statute, OCGA § 51-12-33, is to ensure that each tortfeasor responsible for the plaintiff's harm, including the plaintiff himself, be held responsible only for his or her respective share of the harm." *Wade v. Allstate Fire and Cas. Co.*, ___ Ga. App. ___, 751 S.E.2d 153, 156 (2013).

can be obtained from him. And Butler has not shown how he could not recover for any Orcutt negligence above and beyond what he can recover from Goodyear under the *respondeat superior* doctrine[6] -- only one recovery is allowed.[7] *Lee v. Shim*, 310 Ga. App. 725, 734 (2011). For that matter, plaintiff does not even proffer an amended complaint showing how he would plead Orcutt's estate into this case.[8] Hence, the Court denies on futility grounds[9] his motion to amend, but he may renew his motion with a proposed amended complaint showing what claim he seeks to advance, and why it would not destroy diversity. *See supra,* n. 7.

---

[6] *See, e.g., Mcgarity v. FM Carriers, Inc.*, 2012 WL 1028593 at *11 (S.D. Ga. Mar. 26, 2012) (applying Georgia's *respondeat superior* doctrine to employee negligence claim).

[7] In light of this result, it is not necessary to reach Goodyear's additional argument (doc. 26 at 4-6) that Butler is merely trying to destroy diversity jurisdiction in this removed case by adding Orcutt, a Georgia resident, as a defendant. *See Fiddler's Creek Community Development Dist. 2 v. U.S. Bank Nat. Ass'n*, 2012 WL 2358295 at * 3 (M.D. Fla. June 20, 2012).

[8] True, Butler does say this: "It appears from the evidence to date Mr. Orcutt was negligent if in fact he did not communicate with G. E. Fleet of the necessity to replace the tire." Doc. 31 at 4. But the better practice is to formally state the full substance of the claim, if not present the proposed amendment. *Lord Abbett Mun. Income Fund, Inc.* v. Tyson, 671 F.3d 1203, 1208 (11th Cir. 2012). Butler never goes beyond discussing how *others* might accuse Orcutt of negligence. *See* doc. 31 at 5.

[9] *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile"); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) ("This court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.").

4

Finally, the Court **GRANTS** the parties' joint motion (doc. 32) for leave to submit "a modified Scheduling and Discovery Plan," now that it has added the new defendants, as reflected in the above-amended caption, to which all subsequent filings shall conform.

**SO ORDERED**, this 24Th day of February, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA