UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEOGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| COREY M. BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-235 |
| | ) | |
| THE GOODYEAR TIRE & RUBBER COMPANY; COOPER TIRE & RUBBER COMPANY; and GELCO CORPORATION, d/b/a/ GE CAPITAL FLEET SERVICES, INC., | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Corey M. Butler moves for leave to permit the *defendants* to continue the depositions of two of plaintiff's expert witnesses, Emit Deal and Stanley Karsman. Doc. 110. Defendant The Goodyear Tire & Rubber Company not only opposes that motion, but moves to strike one of those witnesses (Deal) from use at trial. Doc. 111. Plus it wants costs and attorney fees. *Id.* Defendant Gelco Corporation, meanwhile, moves for a protective order against plaintiff's notice to depose Gelco's experts.

Doc. 115. Goodyear adopts Gelco's motion regarding its own expert. Doc. 120.

## I. Motion to Continue

In June of 2013, Butler was driving his employer's Ford van when its right rear tire failed. Doc. 31 at 1-2.[1] Consequently, Butler crashed and was severely injured. He sued the Goodyear because one of its tire stores serviced the van -- with defendant Cooper Tire and Rubber Company's tires.[2] *Id.* Butler contends that Cooper's "design and manufacturing defects . . . may have contributed to [the van tire's] failure and thus, the injuries suffered by" him. Doc. 25 at 2. And Gelco violated its fleet-management duty with the van's owner "to exercise reasonable care in its communications with vendors such as . . . Goodyear" to have the subject tire timely replaced. Doc. 84 at 7-8. Unsurprisingly, the parties view the facts differently. Doc. 111 at 2 (Goodyear's description); *see also* doc. 117 at 2 (Butler's brief contesting this description).

---

[1] For the purpose of this Order, the Court is accepting the facts stated in plaintiff's briefs.

[2] Butler and Cooper jointly move to dismiss Cooper from this case. Doc. 114. That motion is before the district judge. But the undersigned will treat Cooper as dismissed, and it is excused from complying with all other deadlines and obligations.

2

To advance his case here, Butler disclosed expert witness reports from, *inter alia*, economist Emit Deal, doc. 88 (disclosed August 18, 2014); Stanley Karman, who will opine on attorney fees, doc. 86 (same date); and Kathy Willard (disclosed August 8, 2014), who prepared a "Life Care Plan" for plaintiff. Doc. 79. Plaintiff did so subject to Fed. R. Civ. P. 26(a)(2)'s disclosure requirements, which are aimed at communicating the essence of what each expert will say so that adversaries may meaningfully depose them before discovery expires:

> Expert reports for "experts retained to provide expert testimony" must include, among other things, "a *complete* statement of all opinions the witness will express and the basis and reason for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i) & (ii). "'Disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written expert report containing 'a *complete* statement of all opinions' and 'the basis and reasons therefore.'" *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (citing Fed. R. Civ. P. 26(a)(2)(B)). The idea is to give "the substance of the testimony which an expert is expected to give on direct examination." *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n. 6 (7th Cir. 1998).

*Mixon v. United States*, 2014 WL 4924474 at *6 (M.D. Ga. Sept. 30, 2014) (emphasis added); *Abdulla v. Klosinski*, 898 F. Supp. 2d 1348, 1358 (S.D. Ga. 2012) (ultimately, an expert's report should provide the opposing

party with notice and an opportunity to prepare its case; a report consisting primarily of legal conclusions does not suffice).

The parties deposed Deal, who was hired to opine on the present value of Butler's Life Care Plan costs. But Butler now wants to "continue" that deposition, along with Karsman's. Doc. 110 at 1-2. Both have been deposed, plaintiff explains, but they "cannot give complete and final opinions until a trial date has been determined for this case." *Id.* at 2. Butler offered to allow defendants to "continue" the depositions but they declined. *Id.* Hence, he moves to continue those depositions for them "out of an abundance of caution." *Id.*

Focusing only on Deal, doc. 111 at 2 n. 1, Goodyear views Butler's continuance motion as a half-baked attempt to compensate for plaintiff's failure to comply with Rule 26(a)(2), thus wasting deposition resources. Butler, Goodyear insists, furnished it with only a *pro forma*, basically useless expert witness report from Deal, violating Fed. R. Civ. P. 26(a)(2)(B). *Id.* at 3. Deal's report only *promised* to provide what the Rule demanded, and defendants never agreed to that, much less an empty-shell deposition. *Id.* at 3-17.

Butler seeks to justify his non-compliance by insisting that Deal couldn't opine on his "life care" damages absent a trial date for this case -- something only the district judge can set. Doc. 117 at 9-13. Put another way, the life-care damages figure is dependent on a date certain for trial, since that figure shifts over time. He says it costs a lot to keep getting revised opinions from Deal, so Butler did not want to pull that trigger until the district judge first set a trial date. *Id.*

Because these contentions intimate bad faith, some additional background is warranted here. With a December 4, 2014 discovery deadline approaching, *see* doc. 93, Gelco (on September 4, 2014) served Butler with a deposition notice for Deal, and accompanied it with a document request for his entire file on this case. Doc. 111 at 4; doc. 111-1. Butler agreed to an October 10, 2014 deposition date and raised *no* objection to Goodyear's deposition notice. Doc. 111 at 4.

At that deposition, Deal -- who had received his deposition notice one month earlier, doc. 111 at 5 -- *conceded* that he was aware of the notice's information demand but by then had still not prepared an expert witness report. *Id.*; doc. 111-2 at 13, 14-16. "Further, he had not set out in detail the data or information he considered in this case. Lastly, he

5

had not listed, described or testified about any exhibits he may use in his proposed testimony." Doc. 111 at 5; *see also* doc. 111-2 at 3-5.

Hence, Deal arrived at his deposition empty-headed. Doc. 111 at 5-6. He even conceded that he could have completed his calculations prior to the deposition. *Id.* Worse, plaintiff's counsel *instructed* him not to do so. *Id.* at 6; doc. 111-2 at 20. Yet, it was Deal's core task to formulate the present value of Butler's "Life Care Plan" prepared by fellow expert witness Kathy Willard. Doc. 111 at 4, 7. Both Deal's documentary and verbal product, Goodyear contends, was therefore worthless. *Id.* at 7-8.

Finally, as of Butler's November 11, 2014 motion to "continue" Deal's deposition (evidently seeking to preempt a strike motion), and as of Goodyear's November 17, 2014 response and cross-motion to strike Deal as an expert, Goodyear *still* had not received a Rule 26(a)-compliant expert witness report on Deal. Doc. 111 at 7. Nor does the record reflect that as of the date of this Order (evidently, plaintiff is adamant about waiting for a trial date). In the meantime, this Court had extended

discovery, upon the parties' request, to December 23, 2014, but emphasized that it would grant no further extensions. Doc. 106.[3]

It is against this background that Goodyear moves, per Fed. R. Civ. P. 37,[4] to strike Deal as an expert witness, as well as for costs. Doc . 111 at 8; *Biscayne Towing & Salvage v. M/Y BACKSTAGE*, 2014 WL 1389030 at * 3 (S.D. Fla. Mar. 31, 2014) ("the defendant's failure to comply with the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B), namely that the written report be prepared and signed by the expert witness, warrants exclusion of Captain Morgan's expert testimony regarding salvage involving a vessel threatened by a marina fire."); *Blakely v. Safeco Ins. Co. of Illinois*, 2014 WL 1118071 at * 3-4 (M.D. Fla. Mar. 20, 2014) (striking expert witnesses because "[p]laintiff has not complied with Rule 26(2)(a)(C)(ii), and he has not offered any excuse or justification for his failure to comply with the Rule.").

---

[3] Even so, it later extended discovery until January 30, 2015, per Cooper's claim that its experts would be tied up in an Alabama trial. Doc. 113; *see also id.* at 3 ("the Court will grant the brief extension requested provided the Alabama case actually proceeds to trial during the month of December and that trial lasts more than one week. Otherwise, the present discovery deadline will continue to apply."). Cooper, however, is essentially now out of this case. *See supra* n. 2.

[4] Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1).

Goodyear is entitled to some relief, as it is clear that plaintiff tried to pawn off an empty-shell expert witness report. *OFS Fitel, LLC v. Epstein, Becker & Green*, P.C., 549 F.3d 1344, 1362 (11th Cir. 2008) (upholding the district court's exclusion of an expert report because most of the information required under Rule 26(a)(2)(B) was "wholly absent from [the expert]'s affidavit"); *Walter Int'l Prod., Inc. v. Salinas*, 650 F.3d 1402, 1410 n. 5 (11th Cir. 2011) (same). It is unclear where plaintiff got the notion that discovery of an economics "present value" expert must await the notice of a trial date, but neither the rules nor the caselaw offer support for such a discovery loophole. And since courts can, and frequently do, change their trial calendars as circumstances dictate, an expert's calculations -- based on an assumed trial date -- would often have to be readjusted in any event.

Nor can Butler's conduct be excused under a no-prejudice analysis. *See Abdulla*, 898 F. Supp. 2d at 1359-60 (fact that legal malpractice defendants, despite alleged deficiencies in report of putative client's expert, proceeded to depose expert as scheduled without entreaty to district court militated against any claim of prejudice from alleged deficiencies and weighed against striking of expert's testimony, especially

where the expert's deposition showed that defendants were able to, and did, probe expert's qualifications, experience, and the substance of each of his opinions). The brazen approach here -- ignoring the disclosure deadline, then offering up an empty-headed Deal at his deposition, then moving to "continue" it -- is simply *not* acceptable in this District.

For that matter, the Court rejects plaintiff's cost justification for his Rule 26(a)(2) non-compliance. Doc. 117 at 9-10. Clearly, a competent expert could be provided a date certain on which to generate a damages amount, and then easily revise that figure forward once the trial is set (or even calculate a *per diem* corollary to the original figure). Even were that not feasible, such "cost" justification must nevertheless be rejected; to accept that premise is to in effect amend Rule 26(a)(2) to tack witness disclosure deadlines to trial dates. The Rule's drafters have decided otherwise. And Butler could have moved the Court to extend time, rather than simply let the clock run out.[5]

---

[5] Plaintiff's counsel insists that, prior to Deal's deposition, he verbally informed Goodyear's counsel that Deal would not be able to testify about the present value of Butler's Life Care Plan. Doc. 117 at 3-4. Goodyear points out, however (and this is unrebutted) that such notice was provided only three days before the Deal deposition. Doc. 122 at 3. Thus, Butler had more than a month to (but did not) tip defendants off on the then forthcoming "empty-shell" deposition. And by that point Goodyear's counsel had taken the time and expense to prepare for it. *Id.* at 3-4. Nor did plaintiff seek to cancel it, or at least move this Court for an extension of time. "Gelco and

Finally, wearing down an adversary with wasteful procedures, lackadaisically ladling out witness information, or outright sandbagging -- these are sanctionable practices. *See, e.g., Romero v. Drummond Co.*, 552 F.3d 1303, 1321-22 (11th Cir. 2008) ("the district court did [not] abuse its discretion when it refused to admit testimony from several [late-disclosed] witnesses who could have offered 'smoking gun' evidence. . . ."); *Frierson v. Atlanta Ind. Sch. Sys.*, ___ F. Supp. 2d ___, 2014 WL 2119576 at * 18 (N.D. Ga. Mar. 31, 2014) (African-American female former city school system employee's delay in disclosing two witnesses as persons with information which could be used to support her discrimination claims against school system was not substantially justified, so as to permit the witnesses to supply declarations on summary judgment under the disclosure rule; declarations were filed nearly two months after the discovery period expired, and the plaintiff had almost three months before the close of discovery after her lawyers received information identifying the witnesses to determine whether they had relevant, helpful information and to make required disclosures to the school system). The Court makes no finding that plaintiff

---

Goodyear [thus] sought to comport with the Court's discovery while Plaintiff appears comfortable ignoring it." *Id.* at 4.

deliberately engaged in such sanctionable conduct, but it again emphasizes that plaintiff is simply wrong in assuming that the discovery of a present-value expert is somehow contingent on the expert's knowledge of a trial date.

The Court also rejects plaintiff's claimed "duty to confer" violation. Doc. 117 at 8-9 (Butler insists that Goodyear failed to comply with Rule 37(a)(5)(A)(i)). This Court enforces that rule. *Scruggs v. Int'l Paper Co.*, 2012 WL 1899405 at * 2 (S.D. Ga. May 24, 2012). But given the undisputed facts set forth by Goodyear, doc. 122 at 3-4, it is clear that further discussion would have been pointless. The Court thus denies plaintiff's motion to continue the depositions Doc. 110. While it denies Goodyear's motion to strike,[6] it nevertheless awards its Rule 37(c)(1)(A)

---

[6] Striking Butler's experts is too drastic for the wrong committed here, and Rule 37(c)(1) authorizes sanctions short of that. "Those sanctions include awarding, upon motion, reasonable expenses and attorney's fees incurred because of the discovery violation. Fed. R. Civ. P. 37(c)(1)(A); *see also Bearint ex rel. Bearint v. Dorell Junvenile Group Inc.*, 389 F.3d 1339, 1348–1349 (11th Cir. 2004) (finding that a district court had discretion to either admit or exclude an untimely expert report)." *Rhodes v. Davis*, 2010 WL 4260048 at * 4 (S.D. Ala. Oct. 25, 2010), *aff'd*, 425 F. App'x 804, 807-08 (11th Cir. 2011) (contractor's failure to produce its workers' compensation insurance policy during discovery period for employee's suit, claiming that contractor violated Mississippi Workers' Compensation Act and seeking disability benefits and medical expenses for his on-the-job injuries, warranted sanction awarding employee $88,722.50 in attorney fees and $7,135.53 costs, since contractor was required to produce in initial disclosures any insurance agreement under which insurer could be liable to satisfy, indemnify, or reimburse payments for

costs and attorney fees to cover the wasted deposition expense. Doc 111 at 16-17. Butler has burdened both this Court's time and his opponent's resources. Butler and Goodyear are directed to attempt informal resolution of Goodyear's cost claim before returning to this Court.

Meanwhile, plaintiff must, within 21 days of the date of this Order, ensure that fully compliant expert witness reports are served on the defendants and cooperate in re-deposing Deal and any remaining witnesses by January 30, 2015 (the parties shall then have 11 days to litigate any deposition issues arising therefrom).

## II. Protective Order

The two defense motions for protective orders (docs. 115 & 120) must be denied because the parties failed in their duty to confer.[7] Some

---

possible judgment, and contractor's nondisclosure harmed employee by causing him to unnecessarily incur fees and costs).

[7] The Court reminds that *meaningful* consultation can lead to informal resolution and thus conservation of court resources. *Avera v. United Airlines, Inc.*, 2012 WL 794160 at *2 (11th Cir. Mar. 13, 2012) (magistrate judge did not abuse his discretion in denying, without prejudice, plaintiff's motion to compel discovery where plaintiff had not sought to resolve his discovery dispute with defendant before filing the motion); *In re Rhodes Companies, LLC*, 475 B.R. 733, 742 (D. Nev. 2012) (affirming bankruptcy court's denial of protective-order motion based on moving party's failure to include such certification, rejecting "futility" assertion); *Jo Ann Howard & Associates, P.C. v. Cassity*, 2012 WL 1247271 at *8 (E.D. Mo. Apr. 13, 2012)

background: Goodyear and Gelco identified four expert witnesses retained for trial, John J. Brewington, Jr., Ronald E. Kirk, Thomas Giapponi, and Joseph Tandy. Doc. 115 at 1; doc. 120 at 1-2; doc. 121 at 1. Butler (and this is unrefuted) insists that not until one week prior to scheduled December depositions did these defendants "protectively" move to be excused from responding to the documents sought by Butler's deposition notices (he wants the deponents to furnish to him things like "all correspondence, tapes, memoranda, notes, reports and other documents received or generated by you in connection with this case," doc. 115 at 6, and "[y]our entire file on this case"; Gelco deems that request "overbroad and not discoverable to the extent [Butler] seek[s] draft reports or communications between the experts and Gelco's attorneys," *id.*, and Goodyear concurs, doc. 120).

Butler is correct. Counsel merely exchanged one set of letters and did not further communicate before defendants moved "protectively" -- because of time constraints, they say. Doc. 115 at 2-3; doc. 120 at 1. But this Court's resources would be unacceptably consumed if it had to reach

---

(rejecting compulsion request in part because "the failure of the parties to communicate *materially* impeded their resolution of this matter.") (emphasis added).

motions filed as a hedge ("protectively"), rather than *after* a meaningful attempt to work things out is attempted (the aforementioned duty to confer). "Discovery, it must be remembered, should be a self-executing, extrajudicial exercise requiring at most infrequent court intervention[.]" *Jackson v. Deen*, 2012 WL 7198434 at * 1 (S.D. Ga. Dec. 3, 2012); *Scruggs*, 2012 WL 1899405 at *1. The parties shall confer in good faith; sanctions will be presumed awardable against any recalcitrant party if these depositions are not conducted by January 30, 2015.[8]

## III. CONCLUSION

Accordingly, the Court **DENIES** plaintiff's motion to continue (doc. 110), **GRANTS** in part and **DENIES** in part Goodyear's motion to strike, Doc. 111, and **DENIES** Gelco's and Goodyear's motions for a protective order. Docs. 115 & 120.

**SO ORDERED** this 18th day of December, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[8] Even though the Court's latest extension was premised on the burdens expressed by Cooper, which is now out of the picture, the Court nevertheless notes the holiday season and the time that it has taken to rule on these matters (the last brief was filed on December 15, 2014, doc. 122), so discovery is extended until January 30, 2015.

14