# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| COREY M. BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV413-235 |
| | ) | |
| THE GOODYEAR TIRE & | ) | |
| RUBBER COMPANY; | ) | |
| and GELCO CORPORATION, | ) | |
| d/b/a/ GE CAPITAL FLEET | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff Corey M. Butler's motion to vacate the Court's Order granting intervention. Doc. 188. After Butler was injured in a one-vehicle accident, he sued Cooper Tire and Rubber Company, The Goodyear Tire & Rubber Company and Gelco Corporation d/b/a GE Fleet Services, Inc. Doc. 38. Announcing settlement, Butler, Goodyear and Gelco moved to dismiss this case (Cooper had already been dismissed per earlier settlement, doc. 124). Doc. 184.[1] But they settled without the

---

[1] That motion remains pending before the district judge.

consent of Butler's employer, DS Services of America, Inc. (DS), or its medical insurer, Safety National Casualty Corporation (SNCC). And SNCC had provided Butler "with medical benefits and income benefits as required under the Georgia Workers' Compensation Act." Doc. 185-1 at 1.

So, DS and SNCC moved to intervene -- on the very day the settlement-dismissal motion was filed. Doc. 185. The Court granted their motion. Doc. 186. Butler moves to vacate that Order. Doc. 188. He argues that the Court failed to await his response under Local Rule 7.5[2] and that, on the merits, the intervenors failed to satisfy O.C.G.A. § 34-9-11.1(b). That statute, applied here through Fed. R. Civ. P. 24, allows DS and SNCC to intervene to get reimbursed from settlement cash only if Butler "has been fully and completely compensated." O.C.G.A. § 34-9-11.1(b).[3] Butler says he's not been fully and completely

---

[2] This is true, the Court erred in short-timing him, but the error is harmless within the meaning of Fed. R. Civ. P. 61.

[3] That statute allows DS and SNCC a recovery lien on the settlement, but it is limited

> to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under [the Act] and shall only be recoverable if the injured employee *has been fully and completely compensated*, taking into consideration both the benefits received under [the Act] and the amount of the recovery in

2

compensated." *Id.* at 4-5. Hence, he contends, the intervenors cannot satisfy Fed. R. Civ. P. 24(a)(2) (allows intervention as of right), or Rule 24(b) (permissive intervention). Doc. 188.

DS and SNCC concede their burden to show that Butler "has been fully and completely compensated for all economic and non-economic losses." Doc. 190 at 3. But, they contend, that's a separate inquiry and they "are entitled to an evidentiary hearing or bench trial" for the Court to determine that issue. *Id.* Hence, they insist that they are authorized to intervene and litigate it. *Id.*

They are correct. As an encyclopedist explains:

> The purposes of provisions giving employers a right of subrogation against damages that the employee recovers from a third party after the employer has at least partially paid its workers' compensation liability are to provide a means for recouping the employer's loss and to prevent a double recovery by the employee and to do substantial justice, while assuring that the injured employee first be made whole. West's Ga. Code Ann. § 34–9–11.1(b). *Walker v. Tensor Machinery Ltd.*, 779 S.E.2d 651 (Ga. 2015).

12 GA. JUR. WORKERS' COMPENSATION § 5:3 (March 2016). Thus:

> The fact that an injured employee, who received workers' compensation benefits, and the third-party tortfeasors responsible for employee's injuries entered into lump sum settlement

---

the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

O.C.G.A. § 34-9-11.1(b) (emphasis added).

agreement [does] not prevent the employer's workers' compensation insurer from attempting to prove that the employee was fully compensated for his injuries, as was necessary for the insurer to enforce its subrogation lien, where the insurer intervened in [the] employee's lawsuit against the tortfeasors in order to protect its lien, but the employee and tortfeasors agreed to the settlement without the insurer's input or consent.

*Id.* (footnote omitted); *see also id.* ("[A]n employer or insurer that has a subrogation lien against a workers' compensation claimant's recovery from a third party has an absolute right to intervene in both the trial and settlement negotiations.").[4] Nor can Butler's counsel "paper-away" the intervenors' subrogation rights by winning defense consent to a "100%

---

[4] This can get pretty tricky:

> In deciding whether an employee has been fully and completely compensated, the trial court should not "take into account the employee's contributory/comparative negligence or assumption of the risk." *Homebuilders Assoc. of Ga. v. Morris*, 238 Ga.App. 194, 196, 518 S.E.2d 194 (1999). Furthermore, because a subrogation lien is available only against recovery for economic losses, a trial court cannot enforce the lien against the portion of the employee's recovery that was meant to compensate him for his noneconomic losses, *i.e.*, his pain and suffering. Hence, we have held that if the trial court is unable to determine what portion of the employee's recovery against the third party was meant to compensate him for his economic losses versus his noneconomic losses, the court cannot enforce the lien.

*Best Buy Co., Inc. v. McKinney*, 334 Ga. App. 42, 45 (2015) (quotes and cites omitted); *see also id.* at 45 (employer failed to show that former employee was fully and completely compensated by workers' compensation benefits and settlement with third-party alleged tortfeasors, and thus employer was not entitled to recover on its claim for subrogated lien for workers' compensation benefits; employer's expert failed to interview former employee and gather other factual information that was essential to an accurate determination of his economic losses, and was unable to differentiate between economic and noneconomic damages awarded as part of the settlement).

4

pain and suffering settlement," or some other subrogation-neutralizing characterization. *See Best Buy*, 334 Ga. App. at 45-48 (analyzing employer's subrogation evidence, not just the settlement agreement's terms); *see also id.* (but "if the trial court is unable to determine what portion of the employee's recovery against the third party was meant to compensate him for his economic losses versus his noneconomic losses, the court cannot enforce the lien.").

Accordingly, plaintiff Corey M. Butler's motion to vacate is **DENIED**. Doc. 188. Within 14 days of the date this Order is served, Butler and the intervenors shall present a proposed schedule to the district judge (the dismissal motion, doc. 184, is still before him)[5] for resolution of the subrogation claim, which is a mixed question of fact and law. 12 GA. JUR. WORKERS' COMPENSATION § 5:8 (March 2016) (citing *Anthem Cas. Ins. Co. v. Murray*, 246 Ga. App. 778, 781 n. 10 (2000)). Note, in that regard, that:

> [b]ecause subrogation for workers' compensation benefits was unknown at common law, neither party has a right to a jury determination of whether or not the subrogation lien attaches or whether full and complete compensation for the claimant was

---

[5] Presumably the district judge will partially grant the dismissal motion and drop the settling tortfeasors from this case. Nothing is stopping them from presenting a proposed order to that end.

obtained. However, either by the agreement of the parties or by waiver in failing to timely object, the trial court in a claimant's tort suit can submit the issue of full and complete compensation to [a] jury to render an advisory finding of fact on a subrogation claim by an employer or workers' compensation insurer. Nevertheless, the legal duty to make the determination that the claimant has been made whole still remains with the trial court, even if it uses a jury to advise it in reaching such determination.

Id. (footnote omitted) (citing *Canal Ins. Co. v. Liberty Mut. Ins. Co.*, 256 Ga. App. 866, 870 (2002)).[6]

**SO ORDERED,** this  29th  day of February, 2016.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] Because of the settlements, and for docket-clearing purposes only, the Clerk is **DIRECTED** to terminate as moot all of the pre-settlement motions in this case. Docs. 127, 130, 131, 132, 133, 135, 136, 137, 139 & 174.